IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CRAIG E. MENDENHALL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-3255 |
| | § | |
| CHARLES VALDEZ, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Craig E. Mendenhall, a state inmate proceeding *pro se*, filed this section 1983 lawsuit claiming that he is unlawfully confined due to the retroactive and *ex post facto* application of Texas Government Code § 508.149(A).  He seeks declaratory judgment, injunctive relief, and compensatory and punitive damages for his wrongful continued confinement.  Defendants filed a motion to dismiss the lawsuit as barred by limitations and for failure to state a claim (Docket Entry No. 11), to which plaintiff filed a response (Docket Entry No. 14).

Based on consideration of the pleadings, the motion and response, public records, and the applicable law, the Court GRANTS the motion to dismiss and DISMISSES this lawsuit for the reasons that follow.

### *Background and Claims*

On December 13, 1990, petitioner pleaded guilty to the offense of felony escape under cause number 15,3290-C in Walker County, Texas, and was sentenced to five years

incarceration.  The sentence was ordered to run consecutively to petitioner's 1983 thirty-year sentence for aggravated robbery with a deadly weapon.  Petitioner subsequently was convicted of assaulting a public servant in 1998 in Freestone County, Texas, and sentenced to sixty-five years incarceration.   This sentence was ordered to run consecutively to petitioner's thirty-year and five-year sentences.

Plaintiff's verbose complaint presents numerous generalized legal assertions without supporting factual allegations.  Nonetheless, the Court reasonably believes plaintiff to raise the following two violations of his constitutional rights:

(a)    Defendant Valdez violated his constitutional rights through malfeasance and gross negligence in submitting a false business affidavit made in bad faith to the Dallas County state court in April of 2008.  Plaintiff asserts that Valdez knew, or should have known, that retrospective application of section 508.149(A) of the Texas Government Code was an *ex post facto* violation and violated plaintiff's 1990 "binding contractual agreement" guilty plea.

(b)    Defendants Valdez, Williams, and Price violated plaintiff's constitutional rights by retroactively applying section 508.149(A) of the Texas Government Code, to his criminal convictions, in violation of *ex post facto* protections.

Defendants argues that these claims fail to state a claim for which relief can be granted, and that they are barred by the applicable two-year statute of limitations.

### *Analysis*

A.    *Limitations*

Defendants correctly argue that plaintiff's constitutional claims regarding application of Texas Government Code § 508. 149 are barred by limitations.  The legal proposition asserted  by plaintiff in this lawsuit – that retrospective application of section 508.149(A)

2

was an *ex post facto* violation and violated plaintiff's 1990 "binding contractual agreement" guilty plea – has been unsuccessfully urged by him in numerous prior lawsuits.  The Court recently discussed these prior lawsuits and found plaintiff's claims barred by limitations in *Mendenhall v. Quarterman*, C.A. No. H-08-2104 (S. D. Tex., May 21, 2009).  Although that case addressed the instant issues in context of a section 2254 habeas proceeding, the controlling facts establishing expiration of limitations for purposes of this section 1983 proceeding remain the same.  Accordingly, this Court agrees with the reasoning set forth in that decision finding that plaintiff was aware of the underlying factual basis for the instant claims no later than October 26, 2006.  Because plaintiff filed this lawsuit on October 28, 2008, it is untimely and barred by the applicable two-year statute of limitations.  *See Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); TEX. CIV. PRAC. & REM. CODE § 16.003. Defendants' motion to dismiss the complaint as barred by limitations (Docket Entry No. 11) is GRANTED.

       B.    *Failure to State a Claim*

Even assuming this lawsuit were timely filed, plaintiff fails to state a viable *ex post facto* claim.  As already noted, plaintiff has asserted his *ex post facto* claim in numerous prior lawsuits, without avail.

In support of the motion to dismiss, defendants attach the affidavit of Charley Valdez, Program Specialist III for the Classification and Records Division of the Texas Department

of Criminal Justice – Corrections Institutions Division.  (Docket Entry No. 11, Exhibit.)  In

the affidavit, Valdez testifies in relevant part as follows:

> Offender Mendenhall was received into TDCJ custody on 7-7-1983 from
> Dallas County on six 30-year sentences.  Mendenhall [was] charged with
> Aggravated Robbery [with a deadly weapon, six counts] by the 203rd District
> Court under [listed cause numbers].  Offender Mendenhall [was] charged for
> offenses occurring on 1-21-1983, 2-8-1983, 1-10-1983, 1-12-1983, and 1-17-
> 1983, and [was] sentenced on 6-16-1983 to begin on 2-24-1983.  The offender
> is serving offenses as described in Tex. Gov't Code § 508.149(a).
>
> On 8-18-1988 offender Mendenhall escaped from the TDCJ Ellis Unit in
> Walker County.  Offender was sentenced to an additional 5-years, consecutive
> to [the 1983 sentence].  This changed the net sentence from 30-years to 35-
> years.  Offender Mendenhall [was] charged with escape [one count] by the
> 278th Judicial District Court of Walker County under cause number 15,320-C.
> Mendenhall [was] charged with an offense occurring on 8-18-1988, with
> sentencing on 12-13-1990 and sentence to begin on 8-25-1988.
>
> On 10-6-1992 pre-sentence jail credits of 840-days [were] applied.  The
> cumulative sentence begin date was changed from 2-24-1983 to 11-8-1980 due
> to the 840-days of cumulative jail credits pursuant to [state law].
>
> Prior to 1987, sentences were aggregated according to statute. [State law]
> provided: 'When two or more sentences are to be served consecutively and not
> concurrently, the aggregate of the sentences shall be considered the term for
> purposes of this Article.'   The statutory demarcation for purposes of
> consecutive computation was discussed by the Court of Criminal Appeals in
> [a 1992 case].
>
> Offender was released from TDCJ custody on 12-10-1993 on parole, with a
> maximum expiration date of 11-8-2015.  Offender returned to TDCJ custody
> on 8-26-1996 from Freestone County without new charges and in violation of
> parole.  Offender was allowed jail credit from 2-6-1996, pursuant to [a] Pre-
> Revocation Warrant of Arrest that was issued on 1-23-1996 by the Parole
> Division.  At the point of readmission the offender was charged for a period
> of 2 years, 1 month, and 26 days as out of custody for an unsatisfactory term
> of parole.   Offender was additionally penalized by the forfeiture of prior
> earned good time credits as pursuant to [state law].  Offender Mendenhall was

not eligible for 'street time' pursuant to [state law]. Offender's parole was revoked on 7-26-1996 by the Parole Division.

On 3-5-1997 offender was returned to Freestone County on a bench warrant. On 3-6-1997 offender Mendenhall committed the offense of Assault of a Public Servant [one count] by the 87th Judicial District Court under cause number 97-035-C. Mendenhall was sentenced to an additional 65-years, underline consecutive to cause number 15,320-C. Mendenhall was sentenced on 4-22-1998, with sentence to begin on 3-26-1997. <u>This changed the net sentence from 35 years to 100 years</u>.

On 9-15-2004 pre-sentence jail credits of 392-days [were] applied. The cumulative sentence begin date was changed from 11-8-1980 to 10-11-1979 due to the 392 days of cumulative jail credits pursuant to [state law].

Offender Mendenhall remains in TDCJ custody with <u>a projected release date of 3-5-2070</u>, and <u>a maximum expiration date of 12-8-2081</u>, and parole eligible at the discretion of the Board of Pardons and Paroles.

*Id.*, emphasis added.

As shown by this testimony, and as argued by defendants in their motion, plaintiff remains in custody not due to a retroactive or *ex post facto* application of state law, but because his several sentences are running cumulatively, not concurrently, either by application of state law (pre-1987 sentences) or by subsequent written order and judgment of the sentencing state courts. For this reason, plaintiff's claim – that he remains in custody due to his exclusion from mandatory supervised release under retroactive and *ex post facto* application of section 508.149 – is factually and legally unfounded. Equally factually and legally unfounded is his timeworn argument that he has remained in custody for over twenty years under a five-year sentence; plaintiff need only consider the cumulative nature of his lengthy sentences to disabuse himself of that misconception.

5

Under *Bell Atlantic Corp. v. Twomby*, 550 U.S. 544 (2007), the Court must, and does, assume as true the material facts presented by plaintiff in his complaint.  The Court is not, however, obligated to accept plaintiff's conclusory allegations or his arguments as to how the law should apply to the facts.  Plaintiff fails to set forth facts sufficient to state a claim for relief plausible on its face, and defendants' motion to dismiss (Docket Entry No. 11) is GRANTED.

### *State Law Claims*

To the extent plaintiff has raised claims for recovery under state law, a federal court may decline to exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(c)(3), where the district court has dismissed all claims over which it has original jurisdiction.  Because plaintiff's federal claims are dismissed, this Court declines to exercise jurisdiction over any state statutory or common law claims plaintiff may have asserted.

### *Miscellaneous Motions*

Plaintiff's motions for "meaningful" access to the Clements Unit law library (Docket Entries No. 19, 20, and 21) are DENIED AS MOOT.  Plaintiff reports that he has been permanently transferred to the Montford Unit in Lubbock, Texas.

Plaintiff's motion for leave to file a corrected and amended complaint (Docket Entry No. 17) is DENIED for plaintiff's failure to submit a proposed amended complaint on the required standardized section 1983 form for *pro se* state inmates.  Regardless, plaintiff may

pursue in a separate lawsuit any proposed Eighth Amendment claims for deliberate indifference to serious medical needs.

Plaintiff's motion for leave to file requests for admissions (Docket Entry No. 12) is DENIED for plaintiff's failure to attach copies of the proposed requests for admissions for the Court's consideration.

### Conclusion

The motion to dismiss (Docket Entry No. 11) is GRANTED and this lawsuit is DISMISSED WITH PREJUDICE as barred by limitations and for failure to state a claim. Any and all remaining motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on July 10, 2009.

Gray H. Miller
United States District Judge

7